IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE GREGOIRE,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED HEALTHCARE SERVICES, INC. AND OPTUM SERVICES, INC, DOES 1-100,<br><br>    Defendants.<br>                                                / | No. C 18-04764 WHA<br><br>**ORDER CONVERTING MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

In this employment and ERISA action, defendants move to dismiss *pro se* plaintiff's complaint. For the reasons set forth below, this order converts the motion to dismiss into a motion for summary judgment.

**STATEMENT**

Defendants United Healthcare Services, Inc. and Optum Services, Inc. employed plaintiff Catherine Gregoire for approximately 26 months beginning in May 2016. While still employed in February 2017, plaintiff took a medical leave of absence and applied for short-term disability. Defendants' insurance carrier denied the claim and plaintiff's two subsequent appeals (Compl. Attach. 2; Dkt. No. 16-1 Exhs. D, E).

Plaintiff commenced this action by filing a complaint against defendants in the Superior Court of California, County of Alameda alleging among other claims: (1) breach of contract; (2) wrongful termination; (3) denial of short-term disability; and (4) violating ERISA.

Defendants removed and the parties stipulated to arbitration for all claims except for the denial of short-term disability and ERISA violation. Defendants now move to dismiss those claims (Dkt. Nos. 1, 15).

Plaintiff's complaint contained no reference to defendants' employment plan which provided that plaintiff had six months after dismissal of her final appeal to file a civil suit under ERISA. In August 2017, defendants notified plaintiff as such in a letter. Plaintiff filed suit ten months later. Defendants attached the following documents to their motion to dismiss requesting judicial notice: defendants' group benefits plan, defendants' group benefits handbook, and three letters of benefit denial defendants sent to plaintiff (Dkt. Nos. 1, 16-1).

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claimant's ERISA action is time-barred if it is barred by either the applicable statute of limitations or contractual limitations provision in the policy. *Withrow v. Halsey*, 655 F.3d 1032, 1035 (9th Cir. 2011). Further, plaintiff's clock starts "either at the time benefits are actually denied, or when the insured has reason to know that the claim has been denied." *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643, 649 (9th Cir. 2000) (en banc).

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under FRCP 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A claim may be dismissed as untimely pursuant to an FRCP 12(b)(6) motion, "only when the running of the statute [of limitations] is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). FRCP 12(d) provides, however, that if on a motion to dismiss under Rule 12(b)(6), "matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Then, both parties must have the opportunity "to present all the material that is pertinent to the motion." *Ibid*.

There are two exceptions to this rule: judicial notice under Federal Rule of Evidence 201 and the incorporation-by-reference doctrine. Both of these procedures allow district courts to consider materials outside a complaint. Still, our court of appeals recently cautioned that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

### 1. JUDICIAL NOTICE IS INAPPROPRIATE.

Under FRE 201, judicial notice permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b)(1)–(2).

Whether defendants' policy governed plaintiff's appeals process or was a policy from a different year are factual determinations not generally known and are subject to reasonable dispute. Subsequently, judicial notice of the letters — without the policy — would render the contractual limitations ones that cannot be accurately and readily determined from sources whose accuracy can reasonably be questioned. Judicial notice is accordingly inappropriate here.

### 2. INCORPORATION-BY-REFERENCE FAILS.

Incorporation-by-reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken — or doom — their claims." A "defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (citations and quotations omitted). Critically, "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (citation omitted). Thus, as plaintiff's complaint only generally refers to "short-term disability claim denied" — this is insufficient to incorporate the letters that communicated the denials.

In addition, a document is the basis of plaintiff's claim when the claim necessarily depends on the document. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Based on this broad principle, our court of appeals previously incorporated an employee health plan into the complaint in an ERISA action, holding that "[b]ecause [plaintiff's] claims rest on his membership in [the company's] plan and on the terms of the plan, documents governing plan membership, coverage, and administration are essential to his complaint." *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 66, 681-82 (9th Cir. 2006).

But *Parrino* is distinguishable. The purpose of incorporating the health plan in *Parrino* was to clarify terms appearing in the complaint: "group plan" and its "cost containment program." Here, no terms from the plan surface in plaintiff's complaint. Moreover, the defendants in *Parrino* sought to dismiss on the merits, not to invoke time-barring contractual limitations — an affirmative defense — like defendants do here. When considering whether a document forms the basis of the complaint, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Khoja*, 899 F.3d at 1002 (citations and quotations omitted). Further, as explained by our court of appeals:

> Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts. Without that opportunity to respond, the defendant's newly-expanded version of the complaint — accepted as true at the pleading stage — can easily topple otherwise cognizable claims.

*Ibid*.

Plaintiff here should be afforded the opportunity to respond precisely because she has potentially cognizable claims. And a "complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). In a non-ERISA contractual dispute, our court of appeals has established that "[a] contractual limitation

4

period requiring plaintiff to commence action within 12 months following an event giving rise to a claim is considered a reasonable limitation which generally manifests no undue advantage and no unfairness." *Han v. Mobil Oil Corp.*, 73 F.3d 872, 877 (9th Cir. 1995). If plaintiff is not provided an opportunity to respond plaintiff would not otherwise have the opportunity to properly plead whether the contractual time-period here manifests any undue advantage or unfairness. The documents can thus not be incorporated by reference.[*]

Accordingly, because neither exception applies and matters outside the pleading are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under FRCP 56. Both parties must have the opportunity to present all the material that is pertinent to the motion.

## CONCLUSION

Defendants' request for judicial notice under the incorporation-by-reference doctrine is **DENIED**. Defendants' numerous objections to plaintiff's evidence are accordingly **OVERRULED AS MOOT** (Dkt. No. 22 at 8). Still, because defendants' motion to dismiss relies on evidence outside the pleadings, pursuant to FRCP 12(d) the motion is converted into summary judgment under FRCP 56.

Defense counsel shall have **FOURTEEN CALENDAR DAYS** to submit further competent proof to prove up their representations at the hearing concerning preemption of the state disability benefits claim and the ERISA violations. Plaintiff shall have **FORTY-TWO CALENDAR DAYS** to conduct discovery, all of which shall be expedited. Defendants' counsel must cooperate in the discovery. At the end of discovery, plaintiff and defendants shall submit a supplement to the record, including briefing, by **NOON ON NOVEMBER 22, 2018**.

---

[1] In addition, a contractual limitation provision in a policy must be given effect "unless we determine . . . that the period is unreasonably short . . ." *Heimeshoff v. Hartford Life & Accident. Ins. Co.*, 571 U.S. 99, 109 (2013) (citations and quotations omitted). Our court of appeals has yet to establish what constitutes an unreasonably short contractual limitations period in the ERISA context.

5

Plaintiff, who is proceeding *pro se*, is advised that helpful information is available online at http://cand.uscourts.gov/proselitigants and also in person at the legal help center. An appointment with the legal help center may be made by calling 415-782-9000, extension 8657. The Court encourages plaintiff to pursue legal help.

**IT IS SO ORDERED.**

Dated: September 27, 2018

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE