IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CATHERINE GREGOIRE,

    Plaintiff,

v.

UNITED HEALTHCARE SERVICES, INC. AND OPTUM SERVICES, INC, DOES 1-100,

    Defendants.

No. C 18-04764 WHA

**ORDER RE CONVERTED MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this ERISA action, *pro se* plaintiff accuses defendants of wrongful termination, harassment, denial of disability benefits, and violating ERISA. A prior order converted defendants' motion to dismiss into a motion for summary judgment. To the extent below stated, defendants' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

Defendants United Healthcare Services, Inc. and Optum Services, Inc. employed plaintiff Catherine Gregoire from May 2016 until June 2018. While still employed in February 2017, plaintiff took a medical leave of absence, applying for short-term disability. Defendants' insurance carrier denied plaintiff's claim and her two subsequent appeals, notifying plaintiff in August 2017 of the denial of her second appeal. Plaintiff returned to work the next month.

Under plaintiff's employment plan, following a denial of a short-term disability claim, plaintiff must undergo an administrative process of two appeals before relief in federal court

may be pursued. But the plan provides for an additional limitation as to when such action may commence:

> the Claimant must bring such action within 6 months from the date that the claim and appeal procedure is complete. If the Claimant does not bring such action within such 6 month period, the Claimant will be barred from bringing an action under ERISA related to his or her claim. In any case all claims for benefits must be submitted within one year of the date that the Claimant knew or reasonably should have known the principal facts upon which the claim is based.

(Dkt. No. 28-2 at Exh. A, Plan p. 38). Consistent with the plan, the August 2017 final denial letter advised plaintiff:

> You have exhausted your rights under . . . [ERISA] and all levels of appeal under Plan. You have a right to bring a civil action under Section 502(a) of ERISA as amended. Per the Plan requirements, any such civil action must be commenced within six months following this denial decision, which is the completion of the claim and appeals procedure.

(Dkt. No. 28-1 at Exh. C). In June 2018, plaintiff's employment terminated. Almost immediately thereafter (but ten months after receiving the final denial letter), plaintiff filed suit in state court (County of Alameda), alleging among other claims: (1) breach of contract; (2) wrongful termination; (3) denial of short-term disability; and (4) ERISA violations.[1]

Defendants removed the action to federal court and the parties then stipulated to arbitration for all claims except for the denial of short-term disability and ERISA violations, which defendants moved to dismiss (Dkt. No. 15). A previous order converted the motion to dismiss to a motion for summary judgment (Dkt. No. 25). After an expedited discovery period, the parties submitted supplemental briefing and a hearing was held on December 20, 2018 (Dkt. Nos. 36, 40, 41).

---

[1] In May 2018, plaintiff filed another short-term disability claim which defendants' insurance carrier denied in June 2018. Plaintiff appealed the denial to that claim in November 2018. That appeal is still under administrative review. Although the parties' briefing touches on this claim, this claim goes outside the operative complaint. This claim also has yet to complete the administrative procedures required by ERISA and as provided for in the insurance plan. As such, any discussion of the May 2018 short-term disability claim must be left for another day and is not subject to this order.

2

**ANALYSIS**

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact that "might affect the outcome of the suit under the governing law." FRCP 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

1. **CLAIM FOR SHORT-TERM DISABILITY DENIAL PREEMPTED BY ERISA.**

When a complaint asserts a state law claim that falls within the scope of one of the civil enforcement provisions of ERISA, the state law claim is completely preempted. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). In such an instance, federal law "displaces a plaintiff's state-law claim, no matter how carefully pleaded." *Gregory v. SCIE, LLC*, 317 F.3d 1050, 1052 (9th Cir. 2003). Whether complete preemption applies turns on a two-prong test where plaintiffs must *first* be eligible as a "participant or beneficiary" of the ERISA plan to bring court action and *second*, there must be "no other independent legal duty that is implicated by [the] defendant's actions." *Davila*, 542 U.S. at 210; s*ee also Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1051 (9th Cir. 1999).

Here, plaintiff provides no guidance as to whether or not the short-term disability claim is preempted. Nevertheless, the stand-alone claim for "short-term disability denial" is certainly preempted by ERISA. The parties do not dispute that plaintiff is a beneficiary under the employment plan (thus allowing plaintiff to also bring her claims under ERISA). Neither does plaintiff allege claims under any other independent legal duty implicated by defendants' actions. Plaintiff brings other claims in her complaint (such as a claim for breach of contract), but none of these claims are sufficiently independent from the underlying ERISA claim. ERISA therefore completely preempts the short-term disability denial claim.

2. **CLAIM FOR ERISA VIOLATION IS NOT TIME-BARRED.**

Under ERISA, a plan participant may commence an action in court to recover benefits subjectively believed to be wrongly denied. *See* 29 U.S.C. § 1132(a)(1)(B); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). Although no federal statute of limitations applies to lawsuits seeking benefits under ERISA, to determine whether or not such claims are time-

3

barred, our court of appeals looks to if "the action is barred by the applicable statute of limitations" in the state where the claim for benefits arose and if "the action is contractually barred by the limitations provision in the policy." *Withrow v. Halsey*, 655 F.3d 1032, 1035 (9th Cir. 2011).

In a footnote, defendants suggest that the state where the claim for benefits arose is Minnesota (the state provided for in the choice-of law provision in the underlying policy) (Dkt. No. 36 at 10). Indeed, our court of appeals has held that where choice-of-law is provided for by an ERISA contract, it should be followed, if not unreasonable or fundamentally unfair. *See Wang Laboratories, Inc. v. Kagan*, 990 F.2d 1126 (9th Cir. 1993). Still, the law of the forum state (California) could be applicable here as *Wang Laboratories* did not involve a claim for disability benefits under ERISA. In any event, plaintiff timely filed under both states' limitations periods, and so this order need not cut through the thicket of an in-depth choice-of-law analysis. *See Minn. Stat.* § 541.07(5) (two year limitations provision); *Cal. Code Civ. Proc.* § 337 (four year limitations provision).

Rather, the critical issue in this action is whether or not the six month *contractual* limitations provision in the policy bars the ERISA violation claim. In brief, it does not.

ERISA is a remedial statute intended to protect the interests of participants in employee benefit plans "and to provide ready access to the Federal courts." 29 U.S.C. § 1001(b); *see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). In furtherance of this purpose, Section 503 of ERISA requires "adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied" and "afford a reasonable opportunity . . . for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133. The regulations promulgated under Section 1133 accordingly require a plan administrator to provide "written or electronic notification of *any* adverse benefit determination" that includes a "description of the plan's *review procedures* and the time limits applicable to such procedures, *including* a statement of the claimant's right to bring a civil action . . . following an adverse benefit determination on review." 29 C.F.R. § 2560.503–1(g)(1)(iv) (emphasis added).

4

Our court of appeals has not had the occasion to determine whether or not the above regulatory language is broadly defined to apply to final denial letters (letters triggering judicial review) or solely to internal appeal letters. Three federal courts of appeals, however, have taken the broad view, applying the language to final denial letters. *See*, *e.g.*, *Mirza v. Ins. Adm'r of America, Inc.*, 800 F.3d 129, 134 (3rd Cir. 2015); *Moyer v. Metro. Life Ins. Co.*, 762 F.3d 503, 505 (6th Cir. 2014); *Ortega Candelaria v. Orthobiologics LLC*, 661 F.3d 675, 680 n. 7 (1st Cir. 2011). This order concludes the same.[2]

More specifically, the term "including" in the regulation indicates that an ERISA action is considered one of the "review procedures" and thus notice of the time limit must be provided. The regulation also explicitly provides that it applies to "*any* adverse benefit determination" presumably including determinations that trigger judicial review so long as the determination was adverse. In addition, in understanding the scope of the term "review procedures," throughout 29 C.F.R. § 2560.503–1, the term "review" is used interchangeably to reference both internal appeals procedures and judicial review. By contrast, the term "appeal" is used to refer only to internal appeals procedures. *See*, *e.g.*, 29 C.F.R. §§ 2560.503–1(h)(4)(i)–(ii), (l)(2)(i)–(ii). Thus, had Subsection (g)(1)(iv) been intended to apply to the more limited *internal appeal procedures*, the language would have used the more limiting language, "appeal procedures" (as found in Subsection (j)(4) for example), rather than the broader phrase used: "review procedures." This difference in choice of language can be presumed to be intentional. *See Hamdan v. Rumsfeld*, 548 U.S. 557, 578 (2006).

Applying Subsection (g)(1)(iv) to defendants' denial letter here, therefore, the letter was required to include "the time *limits* applicable to such procedures" (emphasis added). But the denial letter did not do so. Although the letter advised plaintiff that "any such civil action *must be commenced within six months* following this denial decision . . . ," the letter never mentions the one year limitations period that the plan deems applicable "in all cases" (Dkt. No. 28-1 at Exh. C) (emphasis added). Furthermore, the letter never provided a time *limit*. Informing

---

[2] In the sole opportunity our court of appeals potentially would have had to interpret Subsection (g)(1)(iv), plaintiff conceded that no duty existed under ERISA to inform plaintiff of a time limit. *See Scharff v. Raytheon Co. Short Term Disability Plan*, 581 F.3d 899, 907 (9th Cir. 2009).

5

plaintiff that she *must* file by a certain date was not the same as warning her that a failure to meet the deadline would mean her claim would be lost forever. Moreover, ERISA being a remedial statute, if plan administrators are going to substantially shorten the participant's time-to-file rights from what the state limitations period statutorily provides, the consequences of failing to meet the substantially shortened deadline should be clearly spelled out.

Having determined that Subsection (g)(1)(iv) requires plan administrators to disclose limitations period information in final denial letters and that the denial letter here did not adequately notify plaintiff, two potential consequences materialize. The first option is to equitably toll the limitations period to determine if plaintiff was on notice of her right to file a civil action and was prevented from timely filing due to extraordinary circumstances. The second option is to take the approach of the First, Third, and Sixth Circuits, by presuming prejudice and rendering the plan's limitations period unenforceable against plaintiff.

Were this order to apply equitable tolling here, notice of the limitations period would be predicated on plaintiff's receipt of the plan and employee handbook. But such an approach would make Subsection (g)(1)(iv)'s disclosure requirements irrelevant. Plan administrators would be able to "dodge this simple regulatory obligation so long as claimants have received the plan documents at some point during their tenure as employees . . ." *Santana–Diaz v. Metro. Life Ins. Co.*, 816 F.3d 172, 184 (1st Cir. 2016). Furthermore, requiring extraordinary circumstances is inconsistent with ERISA's purpose of affording claimants "a reasonable opportunity . . . for a full and fair review." After all, the plan is hundreds of pages long (the limitations provision is located on page 38) whereas the letter — denying thousands of dollars of benefits — is only a few pages, making it much more likely to be read. Therefore, this order declines to apply equitable tolling principles and follows the approach of the First, Third, and Sixth Circuits as much more appropriate to resolve the issue.

Because defendants failed to comply with Subsection (g)(1)(iv) by not sufficiently and clearly including in the denial letter that the limitations period would bar plaintiff's claim, prejudice is presumed and the plan's limitations period is unenforceable against plaintiff.[3]

## CONCLUSION

To the extent discussed above, this converted motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**. Granted as to the preemption of the state claim for short-term disability. Denied as to the time-bar of plaintiff's claim under ERISA.

**IT IS SO ORDERED.**

Dated: January 10, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[3] In light of the above analysis, defendants' objections to plaintiff's evidence and arguments are **OVERRULED AS MOOT** (Dkt. No. 45).